UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY DURR,<br>　　　　Plaintiff | CIVIL ACTION NO. 2:18-cv-3742 |
| VERSUS | SECTION |
| GOL, L.L.C. and REC MARINE LOGISTICS, LLC,<br>　　　　Defendants | MAGISTRATE |

## COMPLAINT

Plaintiff, Terry Durr, person of full legal age and citizen of the State of Louisiana, brings this case against GOL, L.L.C. (hereinafter "GOL") and REC Marine Logistics, L.L.C. (hereinafter "REC").

I.

This is an action for general maritime negligence under 33 U.S.C. § 905(b) and 33 U.S.C. § 933. The Court has admiralty jurisdiction over this case pursuant to 28 U.S.C. § 1333(1).

II.

Defendant GOL is a Louisiana limited liability company, with its registered office and principal business establishment located at 4535 Highway 308, Raceland, Louisiana 70394, such that it is deemed to reside in this judicial district.

III.

Defendant REC is a Louisiana limited liability company, with its registered office and principal business establishment also located at 4535 Highway 308, Raceland, Louisiana 70394, such that it is deemed to reside in this judicial district.

IV.

On December 17, 2017, Defendants were owners and/or owners *pro hac vice* of M/V Hannah C, a 145' supply vessel, and had agents and employees on the vessel including boat operator and deckhand, and on said date Defendants' were transporting Plaintiff as a passenger on M/V Hannah C, in navigable waters to an oil and gas production facility in Vermilion Block 315A, where Plaintiff was to perform work.

V.

Upon arriving at the production facility around 2:00 p.m., Plaintiff, while still on the M/V Hannah C, boarded a personnel basket on the deck of the vessel that was to be lifted by a crane located on the oil and gas production facility. The boat operator of Hannah C *lost control* of the vessel, causing it to travel toward the oil and gas production facility. Defendants' deckhand on the vessel was not holding the tag line of the personnel basket. The loss of control of the vessel therefore caused the fast line on the crane sheave to deviate from 180° downward angle, so the personnel basket was lifted, gravity caused it to swing wildly toward the bow of M/V Hannah C. The personnel basket with the Plaintiff on it swung quickly approximately 30 to 40 feet towards vessel's bow and struck a chain holding vessel cargo, causing serious injuries to the mind and body of Terry Durr, especially low back injury (lumbar disk fissures, herniations, and permanent pathology), and orthopedic injury. The incident happened in rough seas.

VI.

Defendants, directly, and through their management, agents and employees, have been negligent, and are liable and vicariously liable, for the following non-exclusive reasons:

1) Defendants' management failed to properly train the vessel operator to refuse to allow a personnel basket transfer in rough seas;

2) Defendants' management failed to properly train the vessel operator as to how to hold a vessel in place during a vessel-to-platform personnel basket transfer;

3) Failure by Defendants' management to train the vessel operator and deckhand to give an immediate "all stop" signal to the third party crane operator, once the captain lost control of the vessel and the vessel traveled toward the oil and gas production facility, thereby making the personnel basket lift not a straight-up 180° lift (hence causing the personnel basket when lifted to swing wildly toward bow of M/V Hannah C);

4) Failure by Defendants' management to train the vessel operator and deckhand to abort, by radio communication with the third-party crane operator, the personnel basket lift when the fast line on the sheave of the crane boom deviated from a 180° straight position to the personnel basket on the vessel;

5) Failure by Defendants' management to safely and properly hire and train a deckhand who was capable of, and knew how to, hold a tag line during a personnel basket transfer from vessel to production facility;

6) Failure by the Defendants' vessel operator/captain to:

    A. suspend the mission due to rough seas;

  B. hold the vessel in place during the personnel basket transfer;

  C. give the "all stop" hand signal to the crane operator so the unsafe lift would not be made;

  D. radio the crane operator to immediately halt the personnel basket lift when he lost control of M/V Hannah C;

7) Failure by Defendants' deckhand to:

  A. hold the tag line of personnel basket to prevent unsafe movement of personnel basket;

  B. communicate with crane operator directly, by hand signal ("all stop"), or by radio, when the fast line of the crane moved off center, to immediately stop the dangerous personnel basket lift.

## VII.

All of the above acts and omissions constitute general maritime law negligence, and have been direct, proximate, and contributing causes of the Plaintiff's damages, which include without limitation past and future physical and mental pain and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of fringe benefits, loss of enjoyment of life, and past and future medical expenses and life care costs. Defendants are jointly and severally liable for all such general and special compensatory damages.

## VIII.

The acts and failures to act of Defendants stated above, particularly Defendants' land based managements' practice and policy of condoning, acquiescing and promoting personnel basket transfers by its vessel crews in rough seas, recklessly and callously endangered the Plaintiff.

4

Defendants' conduct has been grossly negligent, malicious, egregious, callous, and they have acted with careless disregard to the safety and wellbeing of Plaintiff, proximately and directly causing damages to Plaintiff as set out herein.

**WHEREFORE**, after due proceedings be had, Plaintiff prays that judgment be granted in his favor herein, for damages reasonable in the premises of claims made herein, to be paid by Defendants, along with all recoverable costs and judicial interest.

Respectfully submitted,

**WILLIAM GEE, LTD.**
(A PROFESSIONAL LAW CORPORATION)


  /s William N. Gee, III
**WILLIAM N. GEE, III**
Louisiana State Bar No. 14282
PINHOOK TOWER
2014 West Pinhook Road, Suite 501
Lafayette, LA  70508
Telephone: (337) 222-2222
Facsimile: (337) 289-0809
William@WilliamGee.com

*Attorney for Plaintiff*