1030-20372                                                                                                                                  1341527

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY DURR** <br> **PLAINTIFF** <br><br> **VERSUS** <br><br> **GOL, LLC and** <br> **REC MARINE LOGISTICS, LLC,** <br> **DEFENDANTS** | **CIVIL ACTION NO: 2:18-CV-03742** <br><br> **DISTRICT JUDGE:** <br> **HONORABLE MARTIN L.C. FELDMAN** <br><br> **MAGISTRATE JUDGE:** <br> **DANIEL E. KNOWLES, III** |

### GOL, LLC and REC MARINE LOGISTICS, LLC's
### ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come defendants, GOL, LLC and REC Marine Logistics, LLC ("Defendants"), and respond to the original Complaint ("Complaint") filed by Terry Durr ("plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

The Complaint is defective in that it is so vague and ambiguous that Defendants cannot reasonably prepare a response.

### FOURTH DEFENSE

And now, without waiving any of the foregoing defenses, GOL, LLC and REC Marine Logistics, LLC ("Defendants") respond to the allegations of plaintiff's original Complaint ("Complaint") categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I of the Complaint do not require a response from Defendants. Notwithstanding, out of an abundance of caution and to the extent necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II of the Complaint are admitted.

3.

The allegations contained in Paragraph III of the Complaint are admitted.

4.

The allegations contained in Paragraph IV of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph V of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI, and all subparagraphs, of the Complaint are denied.

7.

The allegations contained in Paragraph VII of the Complaint are denied.

8.

The allegations contained in Paragraph VIII of the Complaint are denied.

### FIFTH DEFENSE

Defendants deny the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint which have not heretofore been specifically addressed.

### SIXTH DEFENSE

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

### SEVENTH DEFENSE

Defendants specifically deny that they or anyone for whose actions they are or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom defendants cannot be held responsible.

### EIGHTH DEFENSE

Defendants deny that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by defendants, or by any equipment and/or conditions of such equipment and/or over an area, for which defendants are or may be responsible.

## NINTH DEFENSE

Defendants aver that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of defendants or anyone for whom defendants may be held responsible.

## TENTH DEFENSE

Defendants aver that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## ELEVENTH DEFENSE

Defendants aver that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## TWELFTH DEFENSE

Defendants aver that the plaintiff has failed to mitigate his damages, and thus his recovery herein should be defeated or mitigated.

## THIRTEENTH DEFENSE

Defendants are entitled to a set off from any recovery against them to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

## FOURTEENTH DEFENSE

Defendants aver that any negligence for which defendants are allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**FIFTEENTH DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendants are in no way responsible.

**SIXTEENTH DEFENSE**

In the event defendants are found responsible in any way to plaintiff, which is denied, defendants aver that they are entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by defendants be reduced to the extent of such fault.

**SEVENTEENTH DEFENSE**

Defendants aver that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by defendants, thus barring or mitigating any recovery by plaintiff herein.

**EIGHTEENTH DEFENSE**

Defendants aver that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

**NINETEENTH DEFENSE**

Defendants aver that any damages allegedly sustained by Plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendants or any other person, party, or entity for which defendants would be responsible, were not responsible.

## TWENTIETH DEFENSE

In the alternative, defendants aver that plaintiff' injuries, if any, resulted from a condition that was open and obvious to plaintiff.

## TWENTY-FIRST DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendants are in no way responsible. Specifically, defendants allege and aver that others for whom defendants were in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;

2. Failure to see what he should have seen under the prevailing circumstance;

3. Failure to exercise reasonable care;

4. Failure to take proper precaution to avoid the alleged accident;

5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## TWENTY-SECOND DEFENSE

In the further alternative, defendants specifically allege and aver that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond defendants' control or the responsibility of defendants and were not proximately caused by any acts or omissions on the part of these defendants or any other person, party or entity for whom these defendants would be responsible.

**TWENTY-THIRD DEFENSE**

Defendants specifically deny that plaintiff has a claim under Section 905(b) of the Longshore and Harbor Workers' Compensation Act.

**TWENTY-FOURTH DEFENSE**

In the alternative, Defendants specifically deny that there was a breach of any shipowner duty as set forth by the Supreme Court of the United States in *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981), and that if there was a breach of any such duty, which is denied, then it was not the cause of plaintiff's alleged injuries.

**TWENTY-FIFTH DEFENSE**

In the alternative, Defendants aver that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendants' interest in any vessel. Accordingly, Defendants invoke the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq*.

**TWENTY-SIXTH DEFENSE**

Defendants reserve their right to supplement, amend, or modify their affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, Defendants, GOL, LLC and REC Marine Logistics, LLC, pray that their Answer to the original Complaint be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendants, GOL, LLC and REC Marine Logistics, LLC, and against plaintiff, Terry Durr, dismissing his original Complaint,

at plaintiff's costs, and that defendants, GOL, LLC and REC Marine Logistics, LLC, be granted such other and further relief as equity and the justice of the cause may require and permit.

                        Respectfully submitted:

                        */s/ Salvador J. Pusateri*
                        Salvador J. Pusateri T.A. (#21036)
                        Michael H. Rodrigue, Jr. (#31306)
                        PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
                        1100 Poydras Street
                        Energy Centre – Suite 2250
                        New Orleans, Louisiana 70163
                        Telephone: (504) 620-2500
                        Facsimile:  (504) 620-2510
                        Salvador.Pusateri@pjgglaw.com
                        Michael.Rodrigue@pjgglaw.com
                        ATTORNEYS FOR GOL, LLC and
                        REC Marine Logistics, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of May, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

        */s/ Salvador J. Pusateri*