1030-20372 #1478932

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY DURR**<br>**Plaintiff** | **CIVIL ACTION NO: 2:18-CV-3742** |
| **VERSUS** | **DISTRICT JUDGE:**<br>**HON. BARRY W ASHE** |
| **GOL, LLC and**<br>**REC MARINE LOGISTICS, LLC,**<br>**Defendants** | **MAGISTRATE JUDGE:**<br>**HON. JANIS VAN MEERVELD** |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
## REGARDING TED THOMPSON

MAY IT PLEASE THE COURT:

REC Marine Logistics, LLC ("REC") respectfully requests that this Court issue an order instructing the remaining Defendants in this matter, Fieldwood Energy Offshore and Fieldwood Energy, LLC, Wood Group PSN, Inc., Linear Controls, Inc., and First Mercury Insurance Company (collectively, "Defendants") that they are precluded from questioning Ted Thompson regarding prior criminal guilty pleas or from otherwise seeking to admit any other such evidence of prior criminal pleas.

Ted Thompson ("Mr. Thompson") is a former REC employee and served as the deckhand aboard the M/V HANNAH C at the time of the personnel basket transfer at issue in this litigation. Mr. Thompson was deposed as a fact witness in this case on July 22, 2019. During Mr. Thompson's deposition, he provided testimony regarding prior drug and alcohol-related offenses to which he plead guilty, all of which pre-date his anticipated testimony at trial by over ten years. It is anticipated that Defendants may seek to impeach Mr. Thompson's credibility at trial based on the testimony he provided at his deposition regarding his criminal background.

While Federal Rule of Evidence 609(a)(1) allows as impeachment evidence the prior convictions of a testifying witness, the admission of such evidence is subject to the restraints of Federal Rule of Evidence 403. F.R.E. Rule 609(b) imposes a ten (10) year limit on admission of such convictions, declaring they are only admissible if "its probative value, support by specific facts and circumstances, substantially outweigh its prejudicial effect." Considering Mr. Thompson's guilty pleas are outside the applicable ten-year window, Defendants must show that the probative value of such convictions "substantially outweigh its prejudicial effect," as mandated by F.R.E. 403.

Defendants cannot meet this burden. In *Tate v. Union Oil Co. of California*, 968 F. Supp. 308 (E.D.La. 1997), defendants sought to introduce testimony regarding a plaintiff's arrest for possession of cocaine with intent to distribute and subsequent guilty plea. In determining whether to admit such evidence, the Court referenced that "the defendant does not claim that the plaintiff's previous conviction involved dishonesty or a false statement or that plaintiff made any dishonest representations when answering questions about his criminal history during the deposition." *Tate* at 311. As such, the "unrelated conviction" provided "minimal probative impeachment value" and posed "a danger of unfair prejudice that substantially outweighs any probative value." *See id. See also United States v. Snyder*, 14-0041, 2016 WL 778035 (W.D.La. Feb 26, 2016)(finding it is a "well-settled rule that 609(b) establishes a presumption against the use of more than ten year old convictions."); *United States v. McDonald*, 905 F. 2d 871, 875 (5th Cir. 1991)("This court has held, however, that drug use is not probative of truthfulness.") *Smith v. Great West Cas. Co.*, 05-4654, 2007 WL 4114342 (E.D.La. Nov. 15, 2007)(Eastern District found that evidence of plaintiff's prior conviction for sex offenses was inadmissible as it was highly prejudicial, and, for purposes of

impeachment, crimes typically considered relevant are those involving dishonesty and false statement.)

Here, it is anticipated that Defendants will seek to introduce details regarding Mr. Thompson's prior criminal history to impugn his credibility. However, Defendants cannot overcome the burdens imposed by F.R.E. 609 and F.R.E. 403. Plainly, Mr. Thompson's past criminal guilty pleas are over ten years old, and, in any event, involved drug and alcohol related offenses which are not probative of truthfulness or relevant to any testimony Mr. Thompson may give as a fact witness in this case. As such, REC submits that Defendants should be precluded from questioning Mr. Thompson regarding his prior criminal guilty pleas and/or otherwise offering evidence of such criminal offenses at trial in this matter.

Respectfully submitted:

*/s/ Kristin K. Robbins*
Salvador J. Pusateri, T.A. (#21036)
Kristin K. Robbins (#31303)
Elizabeth B. McIntosh (#36575)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kristin.Robbins@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC**